NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1696
_____

UNITED STATES OF AMERICA

v.

MOHAMMED RIZK,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00214-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 11, 2019
Before: AMBRO, HARDIMAN, FUENTES, *Circuit Judges*.

(Filed: January 16, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Mohammed Rizk appeals his judgment of conviction and sentence. A jury convicted Rizk of, *inter alia*, fraud and theft of funds belonging to his minor daughters following the untimely death of their mother (Rizk's ex-wife Lori), and he was sentenced to 27 months' imprisonment. We will affirm.

I[1]

Rizk's trial focused on two issues: (1) whether he misrepresented his daughters' residency to the Social Security Administration; and (2) whether he submitted fraudulent documents to Prudential Insurance Company to gain access to an annuity Lori purchased for their daughter Kyra. Rizk claims he was denied a fair trial when the District Court excluded from evidence a county court order invalidating a purported will of Lori, and precluded his testimony related thereto. According to Rizk, this evidence would have corroborated his defense that he believed his actions were lawful as the surviving custodial parent. At trial, the District Court excluded the evidence after determining that "the probative value is certainly outweighed by the prejudice and the strong possibility of confusing issues" under Federal Rule of Evidence 403. App. 269. The Court also denied Rizk's motion for a new trial, which he premised on this evidentiary ruling.

Rule 403 permits courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues," or

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

other factors not raised here. FED. R. EVID. 403. We will overturn a trial court's ruling only if "no reasonable person would adopt the district court's view." *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009) (internal quotation marks omitted) (quoting *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003)). Accordingly, a district court "has broad discretion in conducting [a Rule 403] analysis, provided that its reasoning is on the record." *United States v. Welshans*, 892 F.3d 566, 575 (3d Cir. 2018).

We perceive no abuse of discretion here. As the District Court observed, the lawfulness of Rizk's misrepresentations to the SSA and Prudential could not depend on the contested will or a court order invalidating it. Nor could those documents corroborate his defense, which sought to rely on another purported will that allegedly designated him guardian. The question of guardianship is distinct from the question of residency, and Rizk was prosecuted for telling the SSA that his daughters lived with him when they did not. Nor could guardianship have explained why Rizk falsified and had notarized a document on his daughter Kyra's behalf. That document instructed Prudential to transfer Kyra's annuity to a bank account so Rizk could withdraw the funds. As the District Court noted, introducing the contested will or court order invalidating it would have invited a "mini trial [over the] merits of a will and the benefits in that [Rizk] may have derived as guardian." App. 309. The Court reasonably found that this danger of confusing the issues substantially outweighed the evidence's slight (if any) probative value.

3

## II

Rizk also challenges his sentence, claiming the District Court erred when it increased his offense level by two points for obstruction of justice under Section 3C1.1 of the United States Sentencing Guidelines. The District Court found Rizk responsible for "clearly premeditated deceit" and "a well thought out intricate series of lies squarely contradicted by the testimony of witnesses." App. 424. Rizk claims the Court punished his "faulty recollection," which did not amount to perjury. He also suggests the Court applied this enhancement to his denial of guilt or refusal to admit guilt, which would pose a constitutional issue.

The Guidelines permit a two-level enhancement for defendants who willfully obstruct or impede the administration of justice—or attempt to do so—if the obstructive conduct relates to the offense of conviction or a closely related offense. *See* U.S.S.G. § 3C1.1. Perjury constitutes such obstruction. *Id.* § 3C1.1 cmt. n.4(B); *see United States v. Dunnigan*, 507 U.S. 87, 95 (1993). To apply the enhancement, district courts may make a finding that encompasses all of the factual predicates for a finding of perjury, *see id.*, and we review those findings for clear error, *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

Here, the District Court found that Rizk made willful, false statements that were materially related to his offenses of conviction. *See* App. 424. This finding—which adopted the Presentence Report's recommendation based on similar findings—was well supported by the record.

4

Rizk correctly notes that the enhancement for obstruction of justice does not apply when a defendant merely denies guilt. U.S.S.G. § 3C1.1 cmt. n.2 (limiting the enhancement so as not to "punish a defendant for the exercise of a constitutional right"). But it's also true that "not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." *Id.* And Rizk did not merely deny guilt; he asserted material falsehoods. His testimony about his conversations with the SSA, Prudential, and his daughters—all of which the Court found to be false—went far beyond a mere denial of guilt.

Accordingly, the District Court did not clearly err in its application of Section 3C1.1, and that application did not implicate constitutional concerns.

\* \* \*

For the reasons stated, we will affirm the judgment of the District Court.